**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| ANTHONIAL IRICK, | : | |
| | : | |
| Petitioner, | : | |
| | : | No. 3:09-CV-90047 (CAR) |
| v. | : | 28 U.S.C. § 2255 |
| | : | No. 3:06-CR-32 (CAR) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

*ORDER ON THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 123] that Petitioner's Motion to Vacate or Set Aside the Conviction and Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 107] be denied. Petitioner has entered his objections to the Recommendation. Having considered the Recommendation and Petitioner's objections, this Court agrees with the conclusion of the United States Magistrate Judge that the petition fails to state a claim for relief. The Recommendation of the Magistrate Judge is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**; the instant petition for federal writ of habeas corpus is hereby **DENIED**.

The Court has considered the Petitioner's objections and finds them to be without merit. The only clear objection raised by the Petitioner is to the Magistrate Judge's conclusion that the failure to interview and call his sister and father as witnesses did not constitute ineffective assistance of counsel. As the Magistrate Judge explained, there is no evidence nor is there any contention on Petitioner's part that either his sister or his father could have testified as to how the bag containing

1

the drugs came into his possession or whether he knew the contents of the bag. That they might have testified as to whether he actually delivered a washing machine to his sister would not be germane to the theory of his defense – that he did not know what was in the bag. Also, as noted by the Magistrate Judge, Petitioner's counsel made a strategic decision not to call his sister based on an inconsistency between what he claimed to have told her and what she might testify to. Beyond that, Petitioner makes the vague claim that counsel was deficient for failing to challenge the Government's case on the issue of knowledge beyond calling the Petitioner as a witness. Petitioner never raised this ground in his original petition. But addressing the objection, the Petitioner has established no strategic deficiency in choosing to challenge the element of the Petitioner's knowledge through the testimony of the Petitioner himself.

     **SO ORDERED**, this 19th day of October, 2010.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT


bcw